UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **APRIL PIPKINS,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:19-CV-1907-RDP |
| **CITY OF HOOVER, ALABAMA,** | } |
| Defendant. | } |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the Motion to Dismiss filed by Defendants Brookfield Properties Retail, Inc. and Hoover Mall Limited, L.L.C. (the "Mall Defendants"). (Doc. # 52). The Motion has been fully briefed (Docs. # 56, 57) and is ripe for decision. For the reasons discussed below, the Motion is due to be granted in part and denied in part.

**I.    Background**

On Thanksgiving Day in 2018, Erron Brown shot 18-year old Brian Wilson at the Galleria Mall. (Doc. # 46, ¶¶ 20-21). Emantic Fitzgerald Bradford ("EJ"), whose father is a former Birmingham Police Department employee, and who had recently enlisted in the United States Army and completed basic training, was also present in the mall. (Doc. # 46, ¶¶ 23-25). He was in legal possession of a firearm. (*Id.*). When EJ heard the gunshots, he drew his gun and ran toward them. (Doc. # 46, ¶ 25).

Hoover Police officer David Alexander and another officer were nearby in the mall and responded to the incident. (Doc. # 46, ¶ 26). Upon observing EJ armed and in the area where the shots had been fired, Alexander fired four shots at him. (Doc. # 46, ¶ 32). EJ died as a result of the gunshots fired by Alexander. (Doc. # 46, ¶¶ 32, 40-44).

The Galleria is owned by Hoover Mall Limited, L.L.C. and managed on a day-to-day basis by Brookfield Properties Retail, Inc. (Doc. # 46, ¶ 73). According to the Second Amended Complaint, Alexander and the second police officer present during the shooting were dually employed by both the City, as police officers, and the Mall Defendants providing mall security. (Doc. # 46, ¶ 27). Plaintiffs allege that, in connection with shooting EJ, Alexander violated standard police procedure and training. (Doc. # 46, ¶¶ 31-35, 45-61).

## II.     Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for

relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim.  *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"  *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)).  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.  If the court determines that all of the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed.  *Twombly*, 550 U.S. at 570.

When a court rules on a 12(b)(6) motion to dismiss, it generally is "limited to reviewing what is within the four corners of the [plaintiff's] complaint." *Brickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). If a court looks beyond the plaintiff's complaint, usually it "must convert the motion to dismiss into one for summary judgment." *Property Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985). "This court recognizes an exception, however, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss."  *Fin. Sec. Assurance, Inc. v. Stephens, Inc*., 500 F.3d 1276, 1284-85 (11th Cir. 2007) (citing *Harris v. Ivax Corp*., 182 F.3d 799, 802 n. 2 (11th Cir.1999); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997)).

**III.    Analysis**

Plaintiffs name the Mall Defendants in three counts of their Second Amended Complaint: Count Three, which asserts a Municipal Liability claim pursuant to 42 U.S.C. § 1983; Count Five, which asserts a Wrongful Death Negligence and Wantonness Claim pursuant to Alabama state law; and Count Six, which asserts a Negligent and Wanton Hiring, Training, Supervision and Entrustment claim pursuant to Alabama state law. (Doc. # 46 at 24-34). The Mall Defendants move to dismiss all three of these claims. (Doc. # 52-1).

**A.    Consideration of Defendant's Exhibits to the Motion**

Before analyzing the substance of the Motion, the court notes the following. The Mall Defendants' Motion does not specify the federal rule pursuant to which it was filed. (Docs. # 52, 52-1, 57). This is significant because, along with their Motion, Defendants filed a declaration and exhibits, not all of which are referenced in the Second Amended Complaint. (Doc. # 52-2). As a general rule, the court must "limit[ ] its consideration to the pleadings and exhibits attached thereto" in deciding a Rule 12(b)(6) motion to dismiss. *Grossman v. Nationsbank, N.S.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation and quotation marks omitted).

Plaintiffs' Second Amended Complaint alleges that the Mall Defendants "entered into a security contract with CITY [the City of Hoover]" and that the Mall Defendants "paid CITY directly and/or indirectly for the use of on duty police officers ("security/police officers"), in full uniform, in the GALLERIA." (Doc. # 46 at 13). Plaintiffs further allege that, when the shooting occurred, Alexander was "dually employed" by the City and the Mall Defendants. (Doc. # 46 at 6).

In support of their Motion, Defendants filed what purports to be the contract between the City and the Mall Defendants. (Doc. # 52-2 at 3). The agreement attached to the Mall Defendants' Motion appears to relate to the Galleria, but it is between Jim Wilson & Associates and the Hoover Police Department. (*Id.*). It does not mention either of the Mall Defendants, although the declaration says that the agreement is kept in the ordinary course of business of the Mall Defendants. (Doc. # 52-2 at 1). Therefore, it is not entirely clear that the agreement attached to the Motion to Dismiss is indeed the agreement referred to in the Second Amended Complaint. And, the other exhibits filed in support of the Motion are not referred to in the Second Amended Complaint. (Doc. # 52-2 at 4-6).

The exhibits filed by the Mall Defendants go beyond the pleadings, and the parties appear to dispute their contents and meaning. Because the contents are in dispute, the exception that may allow the court to consider the documents at this stage does not apply. *See Fin. Sec. Assurance, Inc.*, 500 F.3d at 1284-85. Considering the attached documents would require the court to convert the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6); *Finn v. Gunter*, 722 F.2d 711, 713 (11th Cir. 1984). The court declines to consider this evidence, and will review the Motion strictly under Rule 12(b)(6). *See, e.g.*, *Mitchell v. Alabama Dep't of Labor*, 2017 WL 3300578, at *2, n.2 (M.D. Ala. 2017), *report and recommendation adopted*, No. 2:16-CV-666-WKW, 2017 WL 3300547 (M.D. Ala. Aug. 2, 2017) (citing *Austin v. Modern Woodman of America*, 275 F.App'x. 925, 926 (11th Cir. 2008) (unpublished opinion) (holding that because the district court did not consider matters outside the pleadings, it did not err when it failed to treat the motion to dismiss as a motion for summary judgment)).

5

### B. The Mall Defendants' Rule 12(b)(6) Motion

In assessing a Rule 12(b)(6) motion, the court must credit the plaintiff's well-pled allegations, irrespective of what evidence may support them, either upon the filing of the action or as might be revealed in discovery. *Glass v. City of Glencoe*, 2017 WL 1407477, at *5 (N.D. Ala. Apr. 20, 2017). The court addresses the three claims at issue on the motion, in turn.

#### 1. Count Three: Municipal Liability under 42 U.S.C. § 1983

Although the Mall Defendants acknowledge that there are "circumstances under which a private party can be viewed as a state actor" for purposes of liability under § 1983, they argue that they are not state actors. (Doc. # 52-1 at 5). Plaintiffs respond that Defendants' argument goes to the merits of the claim, rather than whether they have stated a claim. Therefore, they argue, consideration of the argument is premature at this time. (Doc. # 56 at 6-8).

"'Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes.'" *Gustino v. Stoneybrook W. Master Ass'n, Inc.*, 2021 WL 21758, at *5 (11th Cir. Jan. 4, 2021) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)). "A private party can be held liable as a state actor only if: (1) the state 'coerced or at least significantly encouraged the action alleged to violate the Constitution'; (2) the private party 'performed a public function that was traditionally the exclusive prerogative of the State'; or (3) the state 'had so far insinuated itself into a position of interdependence with' the private party 'that it was a joint participant in the enterprise[.]'" *Gustino*, 2021 WL 21758, at *5 (quoting *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quotation omitted)).

The Mall Defendants argue that Plaintiffs cannot satisfy the joint action test and rely upon the agreement between the City and the Galleria to support that argument. (Doc. # 52-1 at 7). But,

6

that argument relies on matters far outside – and contrary to – the allegations of the Second Amended Complaint. (*Id.* at 7-8). Defendants assert that "Alexander [] wasn't working for the Galleria on the night of Thanksgiving 2018 as alleged." And, they argue that "the City didn't station [Alexander] at the Galleria pursuant to its contract at any point in the month of November 2018." (*Id.* at 8).  None of these asserted "facts" are properly before the court. What is before the court is Plaintiffs' allegation that, on the night EJ was shot and killed, "Alexander was dually employed by both the City of Hoover [], as a police officer, and the Hoover Mall, Galleria, and/or Brookfield, providing mall security." (Doc. 46 at ¶ 27).

When considering a Rule 12(b)(6) motion to dismiss, "'it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes *so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record*.'" *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) (unpublished) (emphasis added) (*quoting Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)). Defendants' arguments that Plaintiffs cannot satisfy the joint action test for purposes of their § 1983 claim clearly go to the merits of Plaintiffs' claim, and Plaintiffs have not yet had the opportunity to develop a factual record. Plaintiffs have plausibly alleged that the Mall Defendants were state actors, and they may proceed on their § 1983 claim against them.  Therefore, the Mall Defendants' Motion to Dismiss Count Three is due to be denied at this stage of the proceedings. Defendants may reassert these arguments when there exists a Rule 56 record.

### 2. Count Five: Negligence and Wantonness

The Mall Defendants argue that Plaintiffs' negligence and wantonness claims should be dismissed because they owed no duty to protect Plaintiffs' decedent, EJ. (Doc. # 52-1 at 8-9).

Plaintiffs respond that the Mall Defendants did have such a duty, or at least they should be allowed to do discovery to determine whether such a duty existed. (Doc. # 56 at 9-13).

"Negligence is generally defined as the failure to discharge or perform a legal duty owed to another party.... [N]egligence means the failure to exercise reasonable or ordinary care." *Hicks v. Vulcan Eng'g Co.*, 749 So.2d 417, 424 (Ala. 1999) (internal quotation marks omitted). Under Alabama law, the elements of negligence in a premises liability case "are the same as those in any tort litigation: duty, breach of duty, cause in fact, proximate or legal cause, and damages." *Sessions v. Nonnenmann*, 842 So.2d 649, 651 (Ala. 2002) (citations and quotations omitted). "[T]he existence of a duty is a question of law to be determined by the trial judge." *New Addition Club, Inc. v. Vaughn*, 903 So.2d 68, 73 (Ala. 2004).

In Alabama, "[i]t is the general rule ... that absent special relationships or circumstances, a person has no duty to protect another from criminal acts of a third person." *New Addition Club*, 903 So.2d at 73 (quoting *Moye v. A.G. Gaston Motels, Inc.*, 499 So.2d 1368, 1370 (Ala. 1986)). "Alabama law requires a plaintiff to show three elements to establish a duty that would be the basis for a cause of action such as the one presented in this case.... First, the particular criminal conduct must have been foreseeable. Second, the defendant must have possessed "specialized knowledge" of the criminal activity. Third, the criminal conduct must have been a probability." *Id*. (quoting *Carroll v. Shoney's, Inc.*, 775 So.2d 753, 756 (Ala. 2000)).

Plaintiff argues that as a business invitee, the Mall Defendants owed a duty to its patrons. (Doc. # 56 at 9). However, "Alabama courts have recognized a special relationship for purposes of premises liability only when there is a 'dependence or mutual dependence among the parties.'" *Martinez v. Espey*, 2018 WL 1210932, at *4 (N.D. Ala. Mar. 8, 2018) (quoting *Young v. Huntsville*

8

*Hosp.*, 595 So.2d 1386, 1389 (Ala. 1992) (internal quotation marks and citation omitted)); *see also Emery v. Talladega College*, 668 Fed. Appx. 727, 735 (11th Cir. 2017) (stating that the Alabama Supreme Court "has only applied [the special relationship] exception in the rare case where the plaintiff is wholly at the mercy of the defendant to keep him safe from harm"); *Saccuzzo v. Krystal Co.*, 646 So.2d 595, 597 (Ala. 1994) ("We held that a 'special relationship' existed in *Young* because an anesthetized patient is completely dependent upon the hospital for protection."); *Finley v. Patterson*, 705 So.2d 826, 828 (Ala. 1997) (explaining that a plaintiff must be "completely dependent upon the defendants for protection" for the special relationship exception to apply).

Plaintiffs have not alleged that EJ was completely dependent upon the Mall Defendants for protection. In fact, Plaintiffs have alleged that EJ carried his own gun. Moreover, his "status as an invitee at the [Galleria], by itself, is not sufficient to invoke the special relationship exception." *Martinez*, 2018 WL 1210932, at *4 (citing *Broadus v. Chevron USA, Inc.*, 677 So.2d 199, 204 (Ala. 1996) ("Broadus also argues that he was a business invitee of Chevron and Larry Ayres d/b/a Regency Chevron and argues that a 'special relationship' existed between him and the defendants. As above noted, no special relationship was established by the facts of this case."); *Johnston v. Mr. Mini Mart No. 50*, 744 So.2d 922, 926 (Ala. Civ. App. 1999) ("A special relationship is not created by the fact that Mrs. Johnston and Sample were invitees at the Mini Mart store.")). Therefore, Plaintiffs have not plausibly alleged the duty element of a premises liability negligence claim against the Mall Defendants. Therefore, the Mall Defendants' Motion to Dismiss Count Five is due to be granted.

### 3.      Count VI: Negligent/Wanton Hiring, Training, and Supervision

Plaintiffs have also asserted claims based on Defendants' alleged negligent/wanton hiring, training, and supervision. "The torts at issue have common elements. Namely, to prove a claim under Alabama law for either negligent/wanton entrustment, negligent hiring, negligent supervision[,] or negligent retention, a plaintiff must demonstrate that the employer knew, or in the exercise of ordinary care should have known, that its employee was incompetent." *Britt v. USA Truck, Inc.*, 2007 WL 4554027, *4 (M.D. Ala. 2007), citing *Armstrong Bus. Servs. v. AmSouth Bank*, 817 So.2d 665, 682 (Ala. 2001) (negligent supervision); *Bruck v. Jim Walter Corp.*, 470 So.2d 1141, 1144 (Ala. 1985) (negligent/ wanton entrustment); *Brown v. Vanity Fair Mills, Inc.*, 277 So.2d 893, 895 (Ala. 1973) (negligent retention); *Sanders v. Shoe Show, Inc.*, 778 So.2d 820, 824 (Ala. Civ. App. 2000) (negligent hiring).[1]  Therefore, unless the context requires otherwise, and for ease of reference, the court will refer to all of Plaintiffs' negligence claims advanced in Count Six under the collective term "negligent supervision."

To succeed on a negligent supervision claim, a plaintiff must establish two things: (1) that the underlying conduct of one or more employees was wrongful or tortious; and (2) that Defendants had actual or constructive knowledge of that alleged incompetence. *See Hester v. Brown*, 512 F.Supp.2d 1228, 1238 (M.D. Ala. 2007). "The 'incompetency' of the offending employee in a negligent training and supervision claim, ... , must be based on an injury resulting from a tort which is recognized under Alabama common law." *Sears v. PHP of Alabama, Inc.*,

---

[1] The court considers these claims together because, like other courts, it "observes that there is no discernible distinction between claims of negligent supervision and claims of negligent training, ... ." *Sears v. PHP of Alabama, Inc.*, 2006 WL 932044, *19, n.13 (M.D. Ala. 2006) (citing *Zielke v. AmSouth Bank, N.A.*, 703 So.2d 354, 358 n. 1 (Ala. Civ. App. 1996)).

2006 WL 932044, *19, n.13 (M.D. Ala. 2006), citing *Stevenson v. Precision*, 762 So.2d 820, 824 (Ala. 1999) (affirming summary judgment on negligent supervision/training claim for lack of underlying tort claim). That is, not just any "incompetency" suffices to give rise to a cause of action for negligent supervision. Rather, Plaintiffs must prove that an allegedly incompetent employee committed a state law tort. *See Stevenson v. Precision Standard, Inc.*, 762 So.2d 820, 824 (Ala. 1999).

Here, Plaintiffs have not alleged any prior incompetence by Alexander, much less that the Mall Defendants were aware of Alexander's alleged incompetence. (Doc. # 46). Plaintiffs assert that, without the benefit of discovery, "it is unclear exactly what the relationship was between Alexander and the Mall Defendants." (Doc. # 56). However, it is their burden to plausibly allege their negligent supervision claim. Plaintiffs' Second Amended Complaint contains no allegations tending to show that the Mall Defendants knew or should have known that Alexander was incompetent. Yet, without that type of allegation, their pleading fails to state a plausible claim for negligent hiring, training, supervision, or entrustment. *See Bush v. J.P. Morgan Chase Bank, N.A.*, 2016 WL 324993, at *9 (N.D. Ala. Jan. 27, 2016) (holding plaintiff failed to state claim for negligent training and supervision, where amended complaint was devoid of facts regarding what notice employer had of employees' alleged incompetency).

To permit Plaintiffs to conduct discovery under these circumstances would contravene *Twombly* and *Iqbal*, which instruct that neither legal conclusions nor a formulaic recitation of the elements of a claim are sufficient to survive a Rule 12(b)(6) motion to dismiss but, rather, a complaint must contain allegations of fact. *See Twombly*, 550 U.S. at 555, 557, 570; *Iqbal*, 556 U.S. at 678. In *Iqbal*, the Supreme Court made clear the Federal Rules of Civil Procedure "do[ ]

not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" and that where a "complaint is deficient under Rule 8, [a plaintiff] is not entitled to discovery, cabined or otherwise." 556 U.S. at 678-79, 686. Likewise, the Eleventh Circuit has held "discovery follows the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Carter v. DeKalb County, Georgia*, 521 F.App'x 725, 728 (11th Cir. 2013) (internal quotation marks omitted); *see also Brannan for Estate of Goodman v. West*, 2018 WL 1440835, at *4 n.4 (S.D. Ala. Mar. 22, 2018) (collecting cases rejecting requests that discovery be permitted before claims are evaluated under established pleading standards). Therefore, the Mall Defendants' Motion to Dismiss Count Six is due to be granted.

The court notes that, in Counts Five and Six, Plaintiffs assert both negligence and wantonness claims. Therefore, these claims are due to be dismissed because they constitute shotgun pleading, which has been "repeatedly condemned" by the Eleventh Circuit. *See PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010); *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that multiple claims should be presented separately in adherence to Federal Rule of Civil Procedure 10(b)). Also, however, to establish a wantonness claim requires more than a mere showing of a higher degree of culpability than negligence. Wantonness is characterized as a conscious act and requires a different and more stringent set of proof. *See, e.g.*, *Ex parte Essary*, 992 So.2d 5, 9-10 (Ala. 2007). Plaintiffs' failure to establish even their negligence claims necessarily precludes their assertion of any wantonness claim related to the same subject matter.

## IV.    Conclusion

For all of the foregoing reasons, the Mall Defendants' Motion to Dismiss (Doc. # 52) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** to the extent that it seeks to dismiss Counts Five and Six of the Second Amended Complaint. Counts Five and Six of the Second Amended Complaint are **DISMISSED WITHOUT PREJUDICE**. The Motion is **DENIED** to the extent that it seeks to dismiss Count Three. Plaintiffs may proceed on their § 1983 claim against the Mall Defendants and the Mall Defendants may reassert their arguments if a Rule 56 record indicates that they are not state actors under § 1983.

**DONE** and **ORDERED** this February 24, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE