UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| APRIL PIPKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:19-cv-1907-RDP |
| CITY OF HOOVER, ALABAMA, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Consistent with the Magistrate Judge's previous Report and Recommendation (Doc. 88), the court granted Plaintiff April Pipkins' motion for an *in camera* review of certain documents and referred this matter back "to the Magistrate Judge to prepare a Report and Recommendation on the discoverability of the relevant documents after an *in camera* review is conducted." Doc. 89. Defendant the City of Hoover, Alabama ("the City") provided the court with a copy of all withheld documents, as well as a Memorandum to Assist the Court's *In Camera* Inspection and evidence in support.[1] Doc. 91. Pipkins filed a response to this memorandum (Doc. 93), and the Magistrate Judge has conducted an *in camera* review of the relevant documents. For the following reasons, the Magistrate Judge concludes that

---

[1] The City filed a redacted version of the brief and evidence (Docs. 91-1 to -8), but delivered an unredacted version to the Magistrate Judge, Pipkins, and the other parties. *See* Doc. 91.

almost all of the documents are not discoverable.

The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." The primary question here is whether the contested documents are privileged under Alabama Code § 12-21-3.1.

Section 12-21-3.1 limits the discoverability of certain police investigatory materials. Specifically, it provides that "[n]either law enforcement investigative reports nor the testimony of a law enforcement officer may be subject to a civil or administrative subpoena except as provided in subsection (c)." Ala. Code § 12-21-3.1(a). The statute makes clear that "[l]aw enforcement investigative reports and related investigative material are not public records" and that "investigative reports, records, field notes, witness statements, and other investigative writings or recordings are privileged communications protected from disclosure." Ala. Code § 12-21-3.1(b). Subsection (c) nevertheless authorizes the disclosure of certain materials in a civil or administrative proceeding "upon proof by substantial evidence that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources."

Upon review of the contested documents, the court finds that all of the

documents for which the City has invoked § 12-21-3.1 fall squarely within the scope of the privilege. This is especially true in light of the Alabama Supreme Court's recent holding that "[t]he phrase 'related investigative material' that follows '[l]aw enforcement investigative reports,' . . . is much broader and would encompass not only officer work product but also any materials related to a particular investigation." *Something Extra Pub., Inc. v. Mack*, 2021 WL 4344346, at *3 (Ala. 2021). The privilege also attaches to the document with Bates number 486, for which the City articulates only "ongoing criminal investigation" as its basis for withholding production.

The court further finds that none of the exceptions noted in Pipkins' motion for *in camera* review apply to these documents. *See* Doc. 81-1 at 7–8. And Pipkins has not even alleged undue hardship, much less made a showing by substantial evidence that she will suffer such a hardship. *See Ex parte Sexton*, 904 So. 2d 1251, 1252 (Ala. 2004) (finding § 12-21-3.1's showing of undue hardship satisfied by evidence that "the photographs of the scene taken by the sheriff's investigator were unique . . . ; that similar photographs could not be obtained from any other source . . . ; and that the absence of those photographs at the trial of the civil action would impose an undue hardship on the litigants"); *Ex parte Ala. Dep't of Mental Health*, 840 So. 2d 863, 868–69 (Ala. 2002). The investigative documents thus are protected from disclosure under § 12-21-3.1.

3

There is one set of contested documents, however, that do not fall within the privilege. Those documents are labeled "Training Literature; SSGT Defensive Tactics—Vanguard Level One, Active Shooter Course excerpts," and the City withheld them from production based on an objection to their relevance. As explained in the previous Report and Recommendation (Doc. 88) and accepted by the court in its Memorandum Opinion and Order (Doc. 89), training records are not necessarily dispositive of qualified immunity, but they are relevant to whether Defendant David Alexander, a Hoover police officer, violated clearly established law. *See, e.g.*, *Charles v. Johnson*, 18 F.4th 686, 702 (11th Cir. 2021) ("A police handbook that directs an officer to avoid a particular unconstitutional activity can be evidence that the officer was so warned."). This training literature is not qualitatively different from the types of records the City previously produced (*see* Doc. 82 at 3) or those at issue in the third-party subpoenas related to Alexander's outside training courses. The City's argument to the contrary (Doc. 91-1 at 10–13) is unpersuasive. The contested documents are relevant at least to the notice component of the qualified immunity analysis. For these reasons, the Magistrate Judge recommends that the court order the City to produce these records.

## III. RECOMMENDATION

For these reasons, the Magistrate Judge RECOMMENDS that the court order the City to produce the documents with Bates numbers 211 to 221 as relevant and

not privileged. The Magistrate Judge further RECOMMENDS that the court deem the remaining documents to be protected from disclosure under Alabama Code § 12-21.3.1.

## IV.  NOTICE OF RIGHT TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2), any party may file specific written objections to this report and recommendation within **14 days** from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within 14 days from the date it is filed shall bar an aggrieved party from attacking the factual findings or legal conclusions on appeal except for plain error. 11th Cir. Rule 3-1. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

DONE and ORDERED on February 16, 2022.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE